**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 11, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ADAM DMYTRYSZYN,

      Plaintiff - Appellant,

v.

ROGER WERHOLTZ, Interim Executive Director[*]; LIEUTENANT BERNADETTE SCOTT; CAPTAIN T. SCOTT; LIEUTENANT MAGELSON; MAJOR BILDERAVA; CAPTAIN BOLT; SUPERINTENDENT JAMES FALK,

      Defendants - Appellees.

No. 13-1003

(D. Colorado)

(D.C. No. 1:12-CV-03241-LTB)

---

**ORDER AND JUDGMENT**[**]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

[*] Pursuant to Fed. R. App. 34(c)(2) Tom Clements is replaced with Roger Werholtz as Executive Director of the Colorado Department of Corrections.

[**]After examining the brief and appellate record, this panel has determined unanimously to honor the party's request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Adam Dmytryszyn, a Colorado state prisoner, appeals from an order by the United States District Court for the District of Colorado denying his motion for a preliminary injunction against Defendants, who are all current or former employees of the Colorado Department of Corrections. He alleged that Defendants denied him his constitutional right of access to the courts by confiscating a Department of Justice report containing information that would be helpful to him in pursuing state postconviction remedies. Exercising jurisdiction under 28 U.S.C. § 1292(a)(1), we affirm because Dmytryszyn has not demonstrated that his state postconviction claim is nonfrivolous.

Dmytryszyn wishes to challenge his state-court menacing conviction on the ground that police used an improper procedure in interviewing witnesses to his crime. To develop the basis for this claim, he requested a copy of a National Institute of Justice report containing Department of Justice guidelines for law-enforcement use of eyewitness evidence. But when a copy of the report addressed to him arrived at the prison, prison officials refused to give it to him, contending that it posed a threat to the safety and security of the prison. Dmytryszyn brought suit in district court under 42 U.S.C. § 1983, alleging, among other things, that the officials' confiscation of the report violated his First Amendment right of access to the courts. He moved for a temporary restraining order to prevent the officials from destroying the report and a preliminary injunction requiring them to

give him the report. The district court denied his motion, and Dmytryszyn appealed.

We review for abuse of discretion the district court's decision denying the motion for a preliminary injunction. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). To obtain a preliminary injunction, Dmytryszyn had to demonstrate "(1) a likelihood of success on the merits; (2) a likelihood that [he] would] suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in [his] favor; and 4) that the injunction is in the public interest." *Id.* at 1251 (internal quotation marks omitted).

The first requirement is dispositive. To establish denial of access to the courts, Dmytryszyn must show "actual injury from interference with his access to the courts—that is, that [he] was frustrated or impeded in his efforts to pursue *a nonfrivolous legal claim* concerning his conviction or his conditions of confinement." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (emphasis added). Dmytryszyn has not adequately alleged such injury. He claims only that he needs the confiscated report to provide persuasive authority that will help establish his claim that "the police officer committed misconduct in [his] case" by failing to "separate witnesses during questioning." Aplt. Br. at 9.

Dmytryszyn fails, however, to explain how he can bring such a claim in a motion for postconviction relief in Colorado state court. The Colorado Rules of Criminal Procedure provide that in deciding a motion for postconviction relief,

"[t]he court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant," subject to certain exceptions not implicated here. Colo. R. Crim. P. 35(c)(3)(VI). They also state that "[t]he court shall deny any claim that *could have been* presented in an appeal previously brought or postconviction proceeding previously brought," *id.* at 35(c)(3)(VII) (emphasis added), again subject to exceptions not applicable to Dmytryszyn's claim. Dmytryszyn has not explained, nor can we imagine, why a claim that police officers used improper interviewing techniques could not have been raised on direct appeal. And if it was in fact raised, it must have been denied and cannot be raised again in postconviction proceedings. Because a Colorado court would be bound to reject Dmytryszyn's claim if raised in a postconviction motion, the claim is legally frivolous. Thus, the district court did not abuse its discretion in denying Dmytryszyn's motion for a preliminary injunction.

We AFFIRM the district court's denial of Dmytryszyn's motion. We GRANT his motion to proceed *in forma pauperis*. He is reminded of his continuing obligation to make partial payments until the filing fee has been paid in full.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-4-